IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30055
Summary Calendar
_____


GRAND LIMITED INCORPORATED,

Plaintiff-Appellee,

versus

KOCH OIL CO., ET AL.,

Defendants,

D&W UNDERWATER WELDING SERVICE
INCORPORATED,

Defendant-Appellant.
_____

Appeal from the United States District Court for the
Western District of Louisiana
(94-CV-1524)
_____
September 12, 1996

Before GARWOOD, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

D&W Underwater Welding Service, Inc. ("D&W") appeals the
district court's final judgment in favor of Grand Limited, Inc.
("Grand"). We affirm.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

This case arises from an oral charter agreement between Grand and D&W for the rental and use of Grand's vessel, the M/V GRAND. The M/V GRAND is a three-legged, self-elevating vessel, commonly called a "jack-up rig" or "lift boat," which can be used to perform offshore pipeline services.

D&W chartered the M/V GRAND to perform a "hot tap" installation on a pipeline located near Cameron, Louisiana. The water depth at the job site was approximately 87 to 91 feet. D&W's representative testified at trial that she had informed Grand of the water depth at the job site during their contract discussions. Grand's representative testified that he informed D&W that the M/V GRAND could operate in water depths greater than 85 feet but that United States Coast Guard restrictions limited the vessel's operations in rough seas.

Bad weather delayed the M/V GRAND's voyage to the offshore job site. While the vessel docked in Cameron to wait for a change of weather, D&W became concerned about the M/V GRAND's ability to operate in water depths greater than 85 feet and in rough seas. D&W decided to secure another jack-up rig for the job, and it unloaded all D&W personnel and equipment from the M/V GRAND.

Grand invoiced D&W for the charter; D&W refused to pay. Grand filed suit asserting a claim under the Louisiana Oil and Gas Well Lien Act, La. Rev. Stat. Ann. § 9:4801 (West 1991). Following a

bench trial, the district court found that Grand had provided an adequate vessel and crew according to its oral contract with D&W, but that D&W had unilaterally terminated their contract. The district court awarded damages to Grand.

On appeal, D&W claims that the trial evidence and testimony does not support the district court's finding that the M/V GRAND was capable of performing the hot tap installation. D&W further claims that the district court clearly erred in failing to consider liability insurance requirements that were, according to D&W, inherent in its oral charter agreement with Grand.

As D&W correctly states in its appellate brief, we review a trial court's findings of fact under the "clearly erroneous" standard mandated by Fed.R.Civ.P. 52. In so doing, we must accord due deference to the trial court's opportunity to hear witnesses and judge their credibility. Pavlides v. Galveston Yacht Basin, Inc., 727 F.2d 330, 337 (5th Cir. 1984). "It is not our duty or right on appeal to sift through the evidence and determine whether we would have drawn the same inferences as the trier of fact and would have resolved credibility determinations in a like fashion." Harrison v. Flota Mercante Grancolombiana, S.A., 577 F.2d 968, 976 (5th Cir. 1978). In its written opinion, the district court emphasized that its decision was based on the reliable testimony of Grand's representative and "the credible testimony of the

-3-

experienced [c]aptain" of the M/V GRAND to the effect that the vessel could legally operate and complete its particular hot tap assignment in normal weather conditions. The district court further credited the captain's testimony that he had permission, under normal weather conditions, to work in water depths exceeding eighty-five feet and that the M/V GRAND's crew was capable of performing the operational tasks.[1] Based on our review of the appellate record, including pertinent parts of the trial transcript, we hold that the district court's finding that the M/V

---

[1]The district court asked the M/V GRAND's captain the following clarifying questions at the close of the captain's cross-examination testimony:

> THE COURT: Did you ever work this vessel in depths over 85 feet?
>
> CAPTAIN: Yes, I have.
>
> THE COURT: What is the deepest water you've worked this vessel in, if you recall?
>
> CAPTAIN: ... Right at 100 is the most I've been able to work.
>
> THE COURT: So 91 feet would not be a problem if the weather is calm, if there is not a storm coming through, and the waves are flat ..., right?
>
> CAPTAIN: If this was the dock and you had 118 or whatever feet at that dock, I could pull up there and jack that boat down and work at that dock, unless the winds and seas picked up to stop me, yes. ...

Trial Transcript at 79-80.

GRAND was capable of performing its requisite duties at the specifically requested water depth in normal weather conditions was not clearly erroneous.

We also reject D&W's argument that the district court erred in failing to consider liability insurance requirements inherent (although admittedly not stated) in the oral charter agreement with Grand.  In its brief on appeal, D&W states that the terms of its oral charter agreement with Grand were:

a.  $7,000.00 mobilization fee;
b.  $4,700.00 per day boat charter fee;
c.  Fuel, lube oil and subsistence at standard rates;
d.  Risk of weather to Cameron dock on Grand Ltd., Inc. Once M/V Grand reached Cameron dock, risk of weather on D&W.

D&W cites to no authority for the proposition that liability insurance compliance is an implicit contractual term of such oral charter agreements.  While D&W may now regret its failure to negotiate an insurance coverage precondition to its contract with Grand, we cannot find such a contractual term where none exists. We therefore hold that the district court did not err in its analysis of the M/V GRAND's adequacy.

Accordingly, the judgment of the district court is

A F F I R M E D.